UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY S. DUTSON, as Trustee of Diamond Productions International and NW Atlantis, Inc., <br><br> Plaintiff, <br><br> v. <br><br> C. NOLON BUSH, d/b/a Cornerstone Institute, <br><br> Defendant. | Case No. C04-5282FDB <br><br> ORDER DENYING DEFAULT JUDGMENT AND DISMISSING CAUSE OF ACTION |

Plaintiff Dutson brought this cause of action (May 13, 2004) for breach of contract arising out of investment of funds in a resort project in Mexico (called Cabo San Quintin) pursuant to a "Capital Investment Agreement" (CIA No. 1). Plaintiff Dutson asserts that he entered into the contract on July 1, 2000, and in the same month, he transferred $1,770,000.00 on behalf of Diamond Productions to Defendant Bush. Dutson alleges that CIA No. 1 required Bush to repay the principal plus 140% interest within nine months, with interest compounded every nine-month period until the principal was repaid.

Secondly, Dutson claims breach of a "Referral Agreement" whereby Diamond Productions was to receive a referral fee of $72,400.00 no later than March 31, 2001 for bringing NW Atlantis to Defendant Bush, which sum Dutson asserts has not been paid.

ORDER - 1

1    Thirdly, Dutson alleges that he again contracted with Bush on July 1, 2000 in CIA No. 2 on
2 behalf of NW Atlantis, and that in that same month, NW Atlantis transferred $725,000.00 to
3 Defendant Bush.  Dutson asserts that Defendant was required to repay the principal plus 140%
4 interest within nine months, with interest compounded every nine-month period until the principal
5 was repaid.
6    Finally, Dutson alleges that Diamond Productions transferred the sum of $17,000 to
7 Defendant Bush for the purpose of setting up various limited liability companies, which, Dutson
8 asserts, was never done, that Defendant Bush simply took the funds.
9    The alleged agreements that are the subject of this lawsuit are attached to the Complaint.
10 Each of the subject agreements speaks in terms of "pledging" funds, a term not included in the
11 "Definitions" section of the agreements.  The agreements recite that Oregon law applies in
12 interpreting the agreements.  The agreements have a date at the bottom of each page of  "07-01-00."
13 There is no indication of where – Washington, Oregon, Arizona – these agreements were signed.
14 Also attached to the Complaint is an "Invoice," dated April 24, 2002, from Diamond Productions,
15 with an address in "Tigard, [near 97224] Oregon" listing "amount Due for Funds Placed" pursuant
16 to the several agreements, and claiming a total due of $25,365,192.00, with the notation "PAYABLE
17 UPON RECEIPT."
18    Plaintiff Dutson, a resident of Mesa, Arizona contends that the last known address of
19 Defendant Bush was 382 S.E. Park View Road, Port Orchard, Washington; Dutson served Bush by
20 publication.  Magistrate Judge Arnold (to whom this case was originally assigned) entered an Order
21 to Show Cause pointing out to Plaintiff that no proof of service by publication was made and that a
22 corporation cannot proceed in a lawsuit without being represented by a licensed attorney.
23    Plaintiff Dutson responded with proof of service, but the counsel he had employed was not
24 admitted to practice in this Court.  Meanwhile, this case was reassigned to the undersigned judge,
25 and Dutson's motion for default judgment was denied.
26 ORDER - 2

On October 29, 2004 Dutson's present counsel, Christopher E. Allen made his appearance. No further action occurred in this case until January 3, 2005 when the Court directed Plaintiff to show cause why this cause of action should not be dismissed for lack of prosecution. Plaintiff's counsel responded, a revised scheduling order was entered, counsel moved for default, and the Clerk entered default on April 7, 2005.

On May 18, 2005, Plaintiff again moved for default judgment. In support of his "Amended Ex Parte Motion For Order For Entry of Default Judgment Pursuant To FRCP 55(b)(1)," [Dkt.# 29] Dutson attached an "Amended Accounting and True Bill (with itemized computation) in Support of Judgment by Default." [Dkt. # 31] In that document, Plaintiff Dutson calculates that NW Atlantis is owed $203,390,896.00; Diamond Productions is owed $634,365,233.00; and Diamond Productions is owed a referral fee of $116,000.00. Dutson calculates the total owed Diamond productions, including the referral fee, is $634,481,233.00. Thus, Plaintiff Dutson calculates that he is owed $634,481,233.00 plus $203,390,896.00 for a grand total of $837,872,129.00.

This Court takes note of the general rule that default judgments are disfavored. In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) the Court reviewed the District Court's denial of a default judgment and subsequent dismissal of the malpractice action. In its review the Ninth Circuit stated that it need not agree with the District Court's reasoning to affirm. "We may affirm on any ground finding support in the record. *Islamic Republic of Iran v. Boeing Co.*, 771 F.2d 1279, 1288 (9th Cir. 1985). The Court stated:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26.

782 F.2d at 1471–72. The Court recognized that "[c]ases should be decided upon their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.

ORDER - 3

1985).  The Ninth Circuit also stated:

> Second, the district court could have had serious reservations about the merits of Eitel's substantive claim, based upon the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980).  Third, because Eitel was seeking almost $3 million in damages from McCool and because the parties disputed material facts in the pleadings, we cannot say that the district court abused its discretion in denying the default judgment.

782 F.2d at 1472.

In Dutson's case, it is not clear where the subject transactions allegedly occurred or that the funds "pledged" pursuant to the documents attached to the Complaint were ever actually transferred to Defendant Bush.  Moreover, the amount of interest cited in the purported agreements is an astronomical figure, which combined with the principal amount claimed, gives the Court pause.  The record herein does not present a firm foundation upon which to base a default judgment for $837,872,129.00.

ACCORDINGLY, IT IS ORDERED: Plaintiff's Amended Motion for Default Judgment [Dkt. # 29] is DENIED, and this cause of action is DISMISSED.

DATED this 17th day of June, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4